UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

--------------------------------------------------------X
REGAN DUFNER,

       *Plaintiff,*                            Case No.  10-CV-02027 (JBA)

v.

ROBERT LAPRE, GEORGE ROBERTA,
GARY MONGERO, AWARD ENTERPRISES,
INC. AND NORTHEAST SORT AND
FULFILLMENT CORP.,

       *Defendants.*                       May 2, 2011
--------------------------------------------------------X

## AMENDED COMPLAINT

      COMES NOW REGAN DUFNER (the "Plaintiff"), by and through its attorneys of record herein, who alleges as follows:

## JURISDICTION AND PARTIES

1.     Jurisdiction of the Count One is based upon 28 U.S.C. §1332 (Diversity).

2.     The Plaintiff is a Connecticut resident.

3.     Plaintiff is informed and believes, and thereon alleges that defendant Robert Lapre ("LaPre") is an individual resident of the State of New York.

4.     Plaintiff is informed and believes, and thereon alleges that defendant George Roberta ("Roberta") is an individual resident of the State of New York.

5.     Plaintiff is informed and believes and thereon alleges that defendant Gary Mongero ("Mongero"; and with LaPre and Mongero, are sometimes referred to herein collectively a the "Defendants") is an individual resident of the State of New York.

6. Plaintiff is informed and believes and thereon alleges that defendant AWARD ENTERPRISES, INC. ("Award") is a New York corporation with its principal place of business in the State of New York.

7. Plaintiff is informed and believes and thereon alleges that the defendant NORTHEAST SORT & FULFILLMENT CORP. ("NE") is a New York corporation with its principal place of business in the State of New York.

8. Roberta is the principal owner, officer and director of Award.

9. Roberta is the principal owner, officer and director of NE.

10. The matter is controversy is in excess of $75,000.00

11. Jurisdiction as to Count Seven is based on a Federal Question arising under 15 U.S.C. 78, *et seq*. for securities fraud as alleged more specifically in Count Seven.

12. Jurisdiction as to the remaining Counts is pursuant to this Court's supplemental jurisdictional power under 28 U.S.C. §1337.

## VENUE

13. Venue is proper under 28 U.S.C. §1391(a) in that the claims arise in this district; the original negotiations and agreements took place in the State of Connecticut and the written agreement between the parties names Connecticut as the appropriate venue for all actions.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. At all times relevant hereto the Defendants acted in concert with one another as to each of the actions alleged herein.

15. At all times relevant hereto the Defendants agreed to and conspired with one another to take the actions alleged herein.

16. At all times relevant hereto the Defendants aided and abetted one another in the actions alleged herein.

17. At all times relevant hereto the Defendants acted as the agent of one another, and acted in the course and scope of said agency in the actions alleged herein.

18. Plaintiff is informed and believe and allege that at all relevant times herein there existed a unity of interest and ownership between the Roberta and Award such that any individuality ceased to exist, in that, *inter alia*: (a) Roberta used Award's assets as his own and for the benefit of the other defendants; (b) Roberta dominated and controlled the Award and intermingled funds and assets with other affiliated and controlled entities for his own benefit, convenience, and to avoid payment and performance of obligations to third parties, and for the benefit of the other defendants; © Roberta used Award and other entities as mere shells, instrumentalities and conduits for his own personal gain and use, and to perpetrate the frauds herein alleged with the other defendants.

19. Roberta's conduct deems adherence to the corporate fiction and the separate existence of Roberta and Award an injustice to Plaintiff.

20. Plaintiff is informed and believe and allege that at all relevant times herein there existed a unity of interest and ownership between the Roberta and NE such that any individuality ceased to exist, in that, *inter alia*: (a) Roberta used NE's assets as his own and for the benefit of the other defendants; (b) Roberta dominated and controlled the NE and intermingled funds and assets with other affiliated and controlled entities for his own benefit, convenience, and to avoid payment and performance of obligations to third parties, and for the benefit of the other defendants; © Roberta used NE and other entities as mere shells, instrumentalities and conduits for his own personal gain and use, and to perpetrate the frauds herein alleged with the other defendants.

21. Roberta's conduct deems adherence to the corporate fiction and the separate existence of Roberta and NE an injustice to Plaintiff.

22. In or about July 7, 2010, Plaintiff and Mongero formed partnership and became equal general partners in the general partnership known as G&R Partners (the "Partnership Agreement").

23. The partnership was formed for the purpose of purchasing, leasing and operating a restaurant known as Blackboard Bistro, located at 166 Stonleigh Avenue Carmel, New York (a true and correct copy of the Partnership Agreement is attached hereto as Exhibit A; the terms and conditions of the partnership agreement are incorporated by this reference as though set forth in full hereat).

24. Award owns the real estate located at 166 Stonleigh Avene, Town of Carmel, County of Westchester, State of New York.

25. Roberta has caused NE to be the tenant of Award at the subject property.

26. In or about July 7, 2010, Plaintiff and Mongero and/or the partnership contracted to purchase the stock of NE from Roberta, and to guarantee certain obligations to Roberta and Award (the "Purchase Contract")  (a true and correct copy of the Purchase Agreement is attached hereto as Exhibit B; the terms and conditions of the Purchase agreement are incorporated by this reference as though set forth in full hereat).

27. As a material inducement to entering into the Purchase Contract, Roberta made certain material misrepresentations to Plaintiff regarding, inter alia, the value of the purchase and leasehold, the liquor, and financing of the purchase.

28. As a material inducement to entering into the Purchase Contract, Roberta omitted to make certain material representations to Plaintiff, regarding, inter alia, the value of the purchase and leasehold and prior transactions.

29. Plaintiff relied upon the material representations and omissions of Roberta in entering into the Purchase Contract, and in his further negotiations with Mongero, Lapre and other third parties concerning property.

30. Roberta's representations were false statements of fact.

31. Roberta knew that the representations when made were untrue.

32. Roberta made the statements and omitted others to induce Plaintiff to rely on the representations and omissions and enter into the Purchase Contract and other various agreements regarding the property.

33. As a material inducement to entering into the Partnership Agreement and Purchase Contract, Mongero made certain material misrepresentations and omissions to Plaintiff , including, inter alia, the property, capital contributions, liabilities, term, the liquor license and operation of the business.

34. Mongero's representations were false statements of fact.

35. Mongero new the representations when made were untrue.

36. Mongero made the statements to induce Plaintiff to rely on the representations omissions and enter into the Purchase Contract, the Partnership Agreement and other various agreements regarding the property.

37. Plaintiff relied upon the material representations and omissions of Mongero to his detriment in entering into the Purchase Agreement, Partnership Agreement and in his further negotiations with Roberta, Lapre and other third parties concerning the property.

38. As a material inducement to entering into various agreements to perform construction work at the Premises, LaPre made certain material misrepresentations to Plaintiff, including, *inter alia*, improvements, costs of improvements, billing, and repayment.

39. Dufner relied to his detriment on the material representations and omissions of LaPre in entering into the construction contracts and in his further negotiations with Mongero, Roberta and other third parties concerning the property.

40. LePre representations and omissions were false statements of fact

41. LePre knew the representations when made were untrue.

42. LePre made the statements to induce Plaintiff to rely on the representations and enter into the various construction contracts and other various agreements regarding the property

43. Lapre caused certain companies owned and controlled by him to perform work at the property and became a creditors of the partnership and NE, contrary to the agreement, and in part to force Plaintiff's removal from the property and partnership.

44. In violation of the agreements, LaPre never presented any invoices or bills to Plaintiff or the partnership.

45. At some point in time in or around September 5, 2010, Mongero, Lapre and/or Roberta, jointly and severally, and each of them, coerced, strongarmed and blackmailed Plaintiff into no longer participating in the restaurant project or the partnership.

46. At some point in time after September 5, 2010, Mongero requested that the partnership be terminated and Plaintiff be replaced as a partner with Lapre without any compensation or consideration to Plaintiff.

47. From and after September 5, 2010, with tacit and implicit knowledge and consent of Roberta, Mongero and LaPre have operated the restaurant under the fictitious business name of Blackboard Bistro Restaurant and have excluded Plaintiff from the business opportunity.

48. From and after September 5, 2010, Mongero engaged in a pattern of bouncing partnership checks and intentionally creating additional liability to Plaintiff.

49. From and after September 5, 2010, Mongero fail and/or refused to pay certain legitimate creditors of the partnership with whom Plaintiff had a prior relationship in an effort to damage Plaintiff and said creditors.

## COUNT I - BREACH OF CONTRACT

50. Plaintiff realleges paragraphs 1 through 49 inclusive and incorporates each and every allegation as though set forth in full hereat.

51. Plaintiff has fully performed his obligations under the various contracts by and among the Plaintiff and Defendants, except for those obligations excused by the Defendants' collective and individual conduct.

52. Defendants, and each of them, have breached the oral and written agreements between Defendants and Plaintiff.

53. Plaintiff has suffered damages in excess of $75,000.00 as a direct and proximate result of Defendants' conduct, which sum shall be proven at trial.

## COUNT TWO -NEGLIGENT MISREPRESENTATION

54. Plaintiff realleges paragraphs 1 through 53, inclusive, and incorporates each and every allegation as though set forth in full hereat.

55. As a direct and proximate cause the representations made by Defendants, and each of them, Plaintiff has suffered damages in excess of $75,000.00.

## COUNT THREE -NEGLIGENT MISREPRESENTATION

56. Plaintiff realleges paragraphs 1 through 55, inclusive, and incorporates each and every allegation as though set forth in full hereat.

57. As a direct and proximate cause the representations made by Defendants, and each of them, Plaintiff has suffered damages in excess of $75,000.00.

## COUNT FOUR -FRAUD

58. Plaintiff realleges paragraphs 1 through 57, inclusive, and incorporates each and every allegation as though set forth in full hereat.

59. As a direct and proximate cause the representations made by Defendants, and each of them, Plaintiff has suffered damages in excess of $75,000.00.

## COUNT FIVE - TORTIOUS INTERFERENCE WITH BUSINESS OPPORTUNITY

60. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through and including 59 set forth above as though set forth in full hereat.

61. A business relationship existed between Plaintiff, Mongero, Roberta and LePre.

62. Defendants, and each of them, intentionally and materially interfered with the business relationship and opportunity of Plaintiff in and to the ownership and operation of the property and related transactions.

63. As a direct and proximate result thereof such interference, Plaintiff has suffered damages in excess of $75,000.00.

## COUNT SIX - DECLARATORY RELIEF

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 to and and including 63 set forth above as though set forth in full hereat.

65. A material dispute over the ownership and rights, duties and obligations of the parties under the various agreements has arisen.

66. As a direct and proximate result thereof, Plaintiff has suffered damages in excess of $75,000.00.

## COUNT SEVEN - UNJUST ENRICHMENT

67. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through and including 66 set forth above as though set forth in full hereat.

68. Defendants, and each of them, received the benefit of Plaintiff's development of the business, goods and services.

69. Defendants', and each of them, have been unjustly enriched by the goods and services provided by Plaintiff.

70. The failure of Defendants', and each of them, to pay for such goods and services has harmed Plaintiff.

71. As a direct and proximate cause of such failure, Plaintiff has suffered damages in excess of $75,000.00.

## COUNT EIGHT - PROMISSORY ESTOPPEL -DETRIMENTAL RELIANCE

72. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through and including 71 set forth above as though set forth in full hereat.

73. As a material inducement to continue to provide funds and services to Defendants and each of them, Defendants, jointly and severally, and each of them, represented and assured Plaintiff of the value and preservation of his interest in the restaurant property and business.

74. In detrimental reliance of said representations and assurances, Plaintiff continued to provide funds and services to the Defendants, and each of them.

75. As a direct and proximate result thereof, Plaintiff has suffered damages in excess of $75,000.

## COUNT NINE - SECURITIES FRAUD

76. Plaintiff repeats and realleges paragraphs 1 through 75 inclusive and incorporated each and every allegation as though set forth in full hereat.

77. During a series of meetings between in or about July 7, 2010, between Plaintiff, Mongero and Roberta, Roberta made false and misleading statements to Plaintiff by (1) stating that the value of stock was materially and substantial greater than it was, (2) that the value of leasehold estate was materially and substantially greater than it was, (3) omitting to state to Plaintiff that Roberta had entered into prior similar transactions resulting the buyers/lessees going out of business and Roberta gaining the value of improvements to the property and (4) omitting to inform Plaintiff that such prior transactions we nearly identical to the proposes transaction.

78. Roberta, as owner of the property and the owner of the Stock in NE, was interested in selling the stock of NE as the highest possible price.

79. Roberta had the opportunity to communicate the misleading statements to Plaintiff during the parties' negotiations regarding the Purchase Contract and leasing of the property.

80. Roberta failed to convey specific information to the Plaintiff regarding the value of the stock and why such stock might be worth significantly less than advertised, especially such information regarding similar prior transactions.

81. Robert's statements and omissions were made to induce Plaintiff to enter into the Purchase Contract for the stock and Roberta knew that Plaintiff would rely on the same in making investment decisions.

82. Plaintiff relied on such misstatements to his detriment buy purchasing the stock, which was worth substantially less Roberta claimed.

83. LePre and Mongero were active participants in the convincing Plaintiff to invest in the stock and made similar representations regarding the stock during meetings with on another on or July 7, 2010.

84. The representation and omissions of Defendants were made with the intent of inducing Plaintiffs to invest the monies and efforts set forth above as to the restaurant.

85. The scheme of investments as set forth above was actually promoted to Plaintiffs by Defendants and constitutes a "security" as defined by 15 U.S.C. Section 78C(c)(10).

86. Defendants, and each of them, were the issuers of such securities as defined by 15 U.S.C. Section 78C(a)(8).

87. In engaging in the foregoing acts Defendants, with the knowledge, and assistance of each other employed a manipulative or deceptive device or contrivance in connection with the sale of a security in contravention of Rule 10(b-5) as promulgated by the Securities and Exchange Commission.

88. As a direct and proximate result thereof, Plaintiff has suffered damages in excess of $75,000.

## COUNT TEN

## AS TO DEFENDANT ROBERTA ONLY

## SECURITIES VIOLATION - BREACH OF FIDUCIARY DUTY

89. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 88 above with the same force and effect as though set forth herein.

90. Plaintiff was Roberta had a relationship and Roberta had a duty to Plaintiff.

91. The relationship was characterized by a unique degree of trust and confidence as Roberta was the owner of the property and stock and Plaintiff relied on Roberta's knowledge and experience in entering into the transaction.

92. Roberta's misrepresentations and actions underlying the entire project has resulted in a breach Roberta's fiduciary duty to Plaintiff.

93. As a direct and proximate result thereof of Roberta's Breach of fiduciary duty, Plaintiff has suffered damages in excess of $75,000.

## COUNT ELEVEN - ACCOUNTING

94. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 93 above with the same force and effect as though set forth herein.

95. Plaintiff prays for an accounting of any and all funds paid, received or applied for his benefit or liability from any Defendant herein.

**COUNT TWELVE - AS TO LEPRE AND ROBERTA ONLY - CUTPA C.G.S. §41-110(a)**

96. The Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 95 above with the same force and effect as though set forth herein.

97. At all relevant times herein Roberta was engaged in trade or commerce by way the leasing and sale of various property.

98. Plaintiff purchased stock and lease property from Roberta as a result of Roberta being engaged in such trade and commerce.

99. At all relevant times herein LePre was engaged in trade or commence by way of providing construction goods and services.

100. The partnership and Plaintiff purchased construction goods and services from LePre as a result of LePre being engaged in such trade or commerce.

101. The acts, omissions and trade practices of Defendants are unfair and deceptive as defined in the Connecticut Unfair Trade Practices Act, Section 41-110(a) of the Connecticut General Statutes, and constitute a violation thereof.

102. In addition, substantial aggravating factors exist that surround Roberta's and LePre's breaches and violations, including: (1) Roberta's fraud and misrepresentations and LePre's fraud and misrepresentations, (2) the number of, repeated nature of, the breaches and violations and (3) Plaintiff's prospective expose to liability in connection with the transactions.

103. As a result of such violations and breaches, Plaintiffs have been damaged in the amount of $850,000.

**WHEREFORE**, Plaintiff prays:

    A.    For actual damages in excess of the amount of $75,000.00, according to proof;

    B.    Cost of suit;

    C.    Attorneys' fees;

    D.    Interest at the maximum legal rate;

    E.    Punitive Damages under C.G.S. §41-110(a);

    F.    Disgorgement of all amounts paid to or on behalf of any Defendant;  and

    G.    For each other and further relief as the Court deems just and proper.

DATED:    May 2, 2011 at Norwalk, Connecticut.

                      **THE PLAINTIFF**

By:    _____
              Mark Stern, Esq.
              Mark Stern & Associates, LLC
              PO BOX 2129
              16 River Street
              Norwalk, Connecticut 06852-2129
              (203) 853-2222
              Federal Bar No. CT01701

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
REGAN DUFNER,

       *Plaintiff,*　　　　　　　　　　　　Case No.  10-CV-02027 (JBA)

v.

ROBERT LAPRE, GEORGE ROBERTA,
GARY MONGERO, AWARD ENTERPRISES,
INC. AND NORTHEAST SORT AND
FULFILLMENT CORP.,

       *Defendants.*　　　　　　　　　　　　May 2, 2011
---------------------------------------------------------X

## DEMAND FOR JURY TRIAL

    In accordance with Federal Rule of Civil Procedure 38(b), Plaintiffs respectfully demand a jury trial of the within action.

DATED:　　May 2, 2011
　　　　　　Norwalk, Connecticut

　　　　　　　　　　　　　　　　　　　　**THE PLAINTIFF**

　　　　　　　　　　　By:　_____
　　　　　　　　　　　　　　Mark Stern, Esq.
　　　　　　　　　　　　　　Mark Stern & Associates, LLC
　　　　　　　　　　　　　　PO BOX 2129
　　　　　　　　　　　　　　16 River Street
　　　　　　　　　　　　　　Norwalk, Connecticut 06852-2129
　　　　　　　　　　　　　　(203) 853-2222
　　　　　　　　　　　　　　Federal Bar No. CT01701