UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
----------------------------------------X
REGAN DUFNER,                             Case No. 10CV-02027
                                          (Arterton, J.)
        Plaintiff,

  -against-                               **AFFIDAVIT**

ROBERT LAPRE, GEORGE ROBERTA,
GARY MONGERO, AWARD ENTERPRISES,
INC., AND NORTHEAST SORT AND
FULFILLMENT CORP.,

        Defendants.
----------------------------------------X

State of New York   )
                    ss:
County of Westchester )

    George Roberta, being duly sworn, deposes and says:

    1. I am a named Defendant in the above captioned action, am an officer and shareholder of Defendant Award Enterprises, Inc. ("Award") (a New York corporation), and until recently, was an officer and sole shareholder of Defendant Northeast Sort and Fulfillment Corp., ("NSF")(a New York corporation). I respectfully submit my affidavit in support of the instant motion to dismiss, and more particularly, in support of those prongs of the motion which seek dismissal based upon lack of personal jurisdiction, and improper venue.

    2. In July of 2010, I entered into the stock purchase agreement (Exhibit "B" to amended complaint), with

Plaintiff Reagan Dufner ("Dufner") and co-defendant Gary Mongero ("Mongero"), in order to sell my stock in NSF to them in connection with the sale of a Carmel, New York restaurant.

3. I entered into this transaction without representation. I am not an attorney. Dufner and Mongero were represented by an attorney in Carmel, New York, one William Schilling.

4. The stock purchase agreement and promissory note were prepared by Mr. Schilling, and were forwarded to me by Mr. Schilling for my review. A copy of Mr. Schilling's June 7, 2010 letter, forwarding the proposed agreement to me and stating that he represents Dufner and Mongero (he refers to his "clients"), is annexed hereto as Exhibit "A". Annexed hereto as Exhibit "B", is another letter from Shilling, dated January 6, 2011, subsequent to the execution of the agreement and note, advising that he no longer represents Dufner and Mongero.

5. On or about July 7, 2010, I met Dufner and Mongero at Mr. Schilling's office in Carmel, New York, along with Dufner's and Mongero's accountant. I appeared without an attorney. At that time, Mr. Schilling made certain handwritten changes to the stock purchase agreement, and to the accompanying promissory note. All agreements were

2

signed then and there.

6. Neither I, Award, nor NSF, own(ed), lease(ed), or have (had) any interest in any property or assets in the State of Connecticut. Neither I, Award, nor NSF, transact, or transacted, any business in the State of Connecticut. I never set foot in the State of Connecticut for any purpose whatsoever, associated with the negotiation, contract signing, or execution of the transaction which is the subject of the complaint. All discussions concerning the transaction took place in the restaurant and in Shilling's office, both located in Carmel, New York.

7. In sum, neither I, Award, nor NSF, have or had, any contact whatsoever, in any manner, with the State of Connecticut. I never met with Dufner or Mongero in Connecticut to discuss this transaction, and the subject matter of the transaction itself, is a restaurant located in Carmel, New York.

8. I respectfully submit to this Court that a review of the amended complaint and the agreements attached thereto, reveal that this was a simple transaction in which I sold my shares of NSF to Dufner and Mongero, so that they could own and operate a small restaurant, located in Carmel, New York. The sole purpose of Award is to own the property where the restaurant is located. The sole purpose

of NSF, was to be a tenant of that property, and to own and operate the Carmel, New York restaurant.

9. This Court can take notice of the provisions of the stock purchase agreement. All notices were to be sent to Dufner's and Mongero's attorney in Carmel, New York, and to me, at my home in Mount Kisco, New York. The stock purchase agreement contains a New York choice of law provision, as well as a New York forum selection clause. Simply put, the only connection with Connecticut, is that Dufner resides there, and that his attorney is admitted there.

10. For all of the above reasons, it is respectfully submitted that the motion to dismiss should be granted.

                                              _____
                                              GEORGE ROBERTA

Sworn to before me this
9th day of May 2011

CRISTA MYERS
Notary Public, State of New York
No. 5005532
Qualified in Westchester County
My Commission Expires December 14, 2014

4